WILLIAM R. WESSON *vs.* PAUL NEWTON & another.

A submission to arbitration under Rev. Sts. c. 114, to which a partnership is one party, must show who are the members of the firm.

If such fact do not appear in the submission, or the award, the court to which the award is returned, cannot hear and determine that question.

THE plaintiff having a claim against a firm by the name of Newton and Thompson, both parties entered into a submission pursuant to Rev. Sts. c. 114, to refer the matter to three arbitrators, who returned their award into the court of common pleas. The plaintiff there moved for its acceptance, and judgment thereon. The defendants objected, because, among other reasons, it did not appear either in the submission, or the award, who composed the firm of Newton and Thompson. The submission was signed simply " Newton and Thompson," and the award was, that the plaintiff recover a certain sum of " Newton and Thompson." The presiding judge, *Merrick*, J. admitted evidence from both parties, as to the members of that firm, and decided that Paul Newton and William Thompson, (the defendants,) were members of said firm, and that it was uncertain whether Samuel L. Thompson was or was not a partner, and the award was accepted, and judgment entered against the defendants. They alleged exceptions.

*J. Mason,* for the defendants.

*J. H. Matthews,* for the plaintiff.

BIGELOW, J.   There is nothing on the face of the submis-
sion and award in the present case, from which it can be
made to appear with certainty against whom the arbitrators
intended to make their award.   Whether they included two
or more persons in the firm of Newton and Thompson, or
whether it was composed of William Thompson, or Samuel
L. Thompson, or both, is left wholly uncertain.   It is true
that the court, when the award was returned for acceptance
and judgment, undertook to decide this question, received
evidence in relation to it, and actually determined who were
the members of this firm.   But this constitutes one of the
chief difficulties in the case.   By the provisions of Rev. Sts.
*c.* 114, regulating submissions of this kind, a case is to be tried
upon its merits by the arbitrators.   Their award is to be re-
turned into court to be accepted, or recommitted, or set aside
for any legal and sufficient reason.   But the court have no
power to hear the cause upon its merits, or to revise the find-
ing of the arbitrators upon questions of fact.   The parties,
having selected, in the mode provided by law, their own tribu-
nal, must abide by its decisions, subject only to such revision
by the court as shall prevent fraud and corruption, and duly
guard the legal rights of both parties.   The court can have
no judicial knowledge of facts proved before the arbitrators,
further than they are made to appear by the terms of the sub-
mission and award.   Applying these familiar principles to the
present case, it is very clear that the court erred in admitting
·evidence for the purpose of determining who were, in fact, the
persons composing the firm of Newton and Thompson.   If
this was really an open question between the parties, it was
the province exclusively of the arbitrators to decide it, be-
cause, upon its determination, the liability of the individual
persons to perform the award depended.   For aught that ap-
pears, it was fully considered and decided by them.   If the
court are permitted to go into the inquiry again, they may
arrive at a different result from that found by the arbitrators,
and may revise and even reverse their decision upon the point.

It might then happen, that, in this way, an award, intended by the arbitrators to operate against one set of persons as members of a firm, might be made to take effect against other and different persons. It is obvious, that any such rule of proceeding would lead to a confusion of the rights and obligations of parties. Nor is this all. The entire course of the trial may have been influenced by the finding of the arbitrators on this single point. The competency of evidence, and the declarations and admissions of parties, may have turned upon this question. It would be quite impossible, therefore, to reopen this part of the case without going into the entire merits of the whole case and trying it anew. This the court have no power to do.

Besides; in the present case, the court did not confine their inquiry to the point of ascertaining whom the arbitrators found to have composed said firm. If they had, the objection to the proceeding would have been of less weight. But they went into the question of copartnership upon distinct and independent evidence, for the purpose of determining who were its members, wholly irrespective of any finding of the arbitrators on this point. We are, therefore, of the opinion that the court went quite beyond their province in this particular, and that the defendants are entitled to maintain their exceptions on this ground.

But there is another view of the case, not connected with the proceedings or rulings of the court, which seems to us to be fatal to the validity of the submission, and to any award which may be rendered thereon. By Rev. Sts. *c.* 114, a submission in due form before a magistrate, is made the basis upon which all subsequent proceedings in the case are founded. It is a substitute for legal process duly served and returned, by which parties are usually brought before courts of justice, and to which they must appear and plead. It is made by the statute, the act of both parties, by means of which they voluntarily appear, and submit to the jurisdiction of a tribunal of their own selection. It is inconsistent with the whole scope and purpose of the statute, that there should be any controversy or doubt as to the parties to the proceed-

ing.   As the submission presupposes the assent and presence
of both parties, either in person or by attorney, as essential to
its due execution and validity, it cannot be in accordance with
the statute that it should be left doubtful on the face of the
submission who constitute the parties thereto.    More es-
pecially is this so, inasmuch as the submission furnishes the
only basis which the court can have, upon which to render
judgment after an award is returned and accepted.    If the
submission does not show the names of all the parties, the
court cannot know for or against whom to render its judg-
ment.    It cannot have judicial knowledge of the parties, as
in the case of legal process, regularly before them, to which
both parties have appeared and pleaded; nor can it safely and
properly inquire who were intended to be the parties to it, for
the reasons already given.    The submission is not certain to
a reasonable intent when it fails to show who were the parties
to it, and cannot form the basis of any proper judgment of the
court.    We are therefore of the opinion that the submission
in the present case, for this reason, is defective, and cannot
avail either of the parties.        *Exceptions sustained.*